**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| HUNTER CREGER, individually and on behalf of all others similarly situated, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED LAUNCH ALLIANCE, LLC;<br><br>*Defendant*. | Civil Action No.: |

### AFFIDAVIT OF ZACHARY D. BRELAND

I, Zachary D. Breland, declare as follows:

1.  I am 33 years of age and I am a resident of Alabama.

2.  I am an aerospace technician/welder at United Launch Alliance, and have been in that position since April 2020.  My current salary is $41/hr.

3.  As an aerospace technician/welder, my principal work consists of fitting up and welding stainless steel parts and assemblies for the Centaur III Rocket booster. I work in an area where I have limited contact with other people for long periods of time and that time could be limited even more by working an off shift. My desk is in a corner and there are no other desks near mine.

4.  In the year and a half and also the almost 6 years I spent with the company in the past I have never had to travel for work.

5.  It is absolutely possible for me to distance myself from others by either distancing or even working an off shift in which I am willing to do in order to keep my job. I also have no problem at all with weekly testing or wearing a mask.

6.  For the past year and a half since the COVID pandemic began, I have done my work as an aerospace technician/welder at ULA while working with mask and social distance restrictions and submitting to temperature checks.  I have also been tested for COVID on occasion, each time with negative results, and I could undertake regular COVID testing if necessary.

7.  On August 25, 2021, ULA's President and CEO, Tony Bruno, announced in an email to "All ULA Teammates" that "ULA will require the COVID vaccination as a condition of employment beginning Sept. 1, 2021."

8.  On September 1, 2021, ULA announced new policy CPS-086, which "requires all employees and contractors with badged, unescorted access to ULA facilities to be vaccinated against COVID-19 as part of its continued efforts to maintain a safe workplace."

9. In its HR-527, ULA COVID Vaccination Process Instruction issued that same day, ULA announced that "Effective October 1, 2021, ULA will begin requiring all employees to be vaccinated against COVID-19 as a condition of employment."

10. The Instructions further provided that "Those employees or On-Site Contractors who are not already fully vaccinated will need to receive the first dose of the Pfizer or Moderna vaccine, or the single dose of the Johnson & Johnson vaccine, by October 29, 2021. They will need to receive the second dose of the Pfizer or Moderna vaccine by November 30, 2021."

11. On September 7, 2021, ULA's President and CEO, Tony Bruno, gave a video presentation in which he announced that ULA would be implementing a vaccine mandate but specifically informed ULA employees that they would be eligible for exemption based on sincerely-held religious beliefs. I received a link to that video presentation on September 22, 2021, by email.

12. On October 1st, 2021, I submitted a request for a religious accommodation from ULA's vaccine mandate. A true and correct copy of that religious accommodation request is attached hereto as Exhibit A.

13. On October 1st, 2021, I also filed a request for medical exemption, signed by my physician who stated I did not need to take the vaccine due to an underlying health condition.

14. I did not receive a meeting in regards to my religious exemption due to turning in a medical exemption. ULA HR sent me an email stating that if my medical exemption did not work then they would look into my religious exemption.

15. ULA denied my request for religious accommodation on October 25th and medical accommodations on October 22, 2021, contending, among other things, that it had received too many exemption requests to be able to accommodate. ULA advised me that it would deem me to have "voluntarily resigned" if I did not receive the first dose (or, in the case of a single-dose vaccine, the only dose) of an approved Covid-19 vaccine by Friday, October 29, 2021. A true and correct copy of ULA's denial of my religious and medical accommodation requests is attached hereto as Exhibit B.

16. I filed a grievance for appeal of the denial of my religious and medical accommodation requests with LL44 Union. That grievance is still pending.

17. I am a devout Christian, and my sincerely-held religious beliefs bar me from taking a vaccine that was manufactured and/or tested on cell lines derived from stem cells of aborted fetuses, as all of the currently available Covid-19 vaccines are. Accordingly, and as I advised ULA, I cannot in good conscience comply with the vaccine mandate that has unilaterally been imposed by ULA as a condition on my employment.

18. On November 9, 2021, I filed with the Equal Employment Opportunity Commission a charge against ULA for religious discrimination on the basis of ULA's denial of my request for religious and medical accommodation. A true and correct copy of that EEOC charge is attached hereto as Exhibit C.

19. It is extremely inconvenient for my family and I to have to face this termination especially considering we had hope that ULA would be willing to work with our accommodation requests. I have 2 small children ages 2 and 5 and a wife who stays home to raise them and the loss of income as well as insurance is very traumatic.

20. Without employment on regular income, my ability to provide for my family will be severely strained, preventing me from fulfilling another duty imposed upon me by my religious faith, namely, the duty to provide for my family, as specified in 1 Timothy, Chapter 5, verse 8: "But if anyone does not provide for his relatives, and especially for members of his household, he has denied the faith and is worse than an unbeliever."

I declare under penalty of perjury that the foregoing is true and correct.

__11/10/2021__  
Date

Zachary D. Breland

# EXHIBIT A



# COVID-19 RELIGIOUS ACCOMMODATION REQUEST FORM

**Policy Statement & Instructions:**

Consistent with federal, state and local law, United Launch Alliance ("ULA") provides reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances unless providing a reasonable accommodation would result in undue hardship to ULA. If you are seeking an accommodation from the ULA's COVID-19 Vaccination Policy (the "Policy") due to religious reasons, please complete this form and return it to your Human Resources Business Partner.

We request that you complete this form because, in some cases, a person's religious beliefs may be more subjective than objective. If your religious accommodation is not required by the tenets of a specific religion, ULA will need to understand the basis and source of your religious beliefs to reasonably assess whether your request qualifies for a religious accommodation. This is the reason for many of the questions below. The information you provide will allow us to evaluate your request and decide whether we can grant an accommodation in this instance. It is possible that more information will be necessary to evaluate your request, and if so, we will follow up with you for more information. Requests will be processed pursuant to ULA's Reasonable Accommodation Policy, HR-126, and we will inform you once a decision is made on your request.

*Company Expectations for Cooperation and Honesty:*

*As COVID-19 continues to significantly challenge our employees, customers and business, it is more important than ever to work cooperatively with one another. ULA respects employee religious and personal beliefs but also expects employees to cooperate as ULA evaluates accommodation requests, including but not limited to providing true and accurate information in furtherance of accommodation requests. ULA also expects compliance with the United Launch Alliance Code of Conduct. If ULA determines employees have failed to cooperate with its reasonable information requests or employees have acted dishonestly in advancing such requests, it may deny the accommodation request and, if appropriate, take disciplinary action including potentially terminating an employee's employment.*

Employee Name: __Zac Breland__
Position: __Welder__
Supervisor: __Jason Smith__

1. Please describe in detail the provision(s) of ULA's COVID-19 Vaccination Policy from which you are seeking accommodation and the accommodation you are requesting.

   __I am requesting to be exempt from the Covid 19 vaccination due to my religious beliefs. I am requesting to be tested periodically vs taking the Covid 19 vaccination.__

2. Please identify the religious belief, practice, or observance that is causing you to seek the accommodation identified in response to Question No. 1.

   __Please see my attached letter in regards to my religious beliefs.__

Form HR-527A Rev New (01 September 2021)
Copyright© 2021 United Launch Alliance, LLC as an unpublished work. All rights reserved

3. Please describe the conflict between such religious belief, practice, or observance and the provision(s) of the COVID-19 Vaccination Policy identified in response to Question No. 1.

Please see my attached letter in regards to my religious beliefs.

4. Is the religious belief, practice, or observance you identified in response to Question No. 2 based on an organized religious faith to which you belong, and if so, please describe?

It is based on my sincerely held religious beliefs, please see my attached letter.

5. If your request for accommodation is not based on an organized religious faith to which you belong, please describe the basis for the religious belief, practice, or observance you have identified in response to Question No. 2.

6. Have you received other vaccinations previously? If so, please describe why the religious belief, practice, or observance you have identified did not prevent you from getting that vaccination(s).

I have recieved vaccinations as a child, however this was prior to my salvation or my ability to say no. This was also prior to my understanding that these vaccinations utilize fetal cells for development. Therefore this completely conflicts with my beliefs.

7. Would receiving a COVID-19 vaccine interfere with your ability to practice your religion? If so, please explain.

Yes, please see my attached letter.

8. Please describe how the religious belief, practice, or observance you have identified in response to Question No. 2 effects other aspects of your life, such as if it prevents you from receiving certain medical care. (Please do **not** share any medical information, including without limitation

2



any diagnosis or treatment information.)

As I stated I do not take vaccines that utilize aborted fetuses for development because I do not support abortion and I seek to honor God with my body, by avoiding things that support abortion. and Gene therapy.

9. Is there anything else you would like the company to know about your request for accommodation? If so, please provide that information here or attach any documents you wish to provide.

I work in an area where I have limited contact with other individuals and I comply with all safety requirements. Therefore I do not see where my refusal to this vaccine would cause any sort of undue hardship for the company.

**Employee Acknowledgment:** I acknowledge that I have read and understand this request form and that all statements made above are complete and accurate to the best of my knowledge. I understand that any intentional misrepresentation contained in this request may result in disciplinary action. I understand that the accommodation requested above may not be granted if I have not identified a religious belief, practice, or observance that conflicts with the COVID-19 Vaccination Policy or if the accommodation is not reasonable or imposes an undue hardship.

Date: 9/30/21

Signature: _____

Name: Zac Breland

Form HR-527A Rev New (01 September 2021)
Copyright© 2021 United Launch Alliance, LLC as an unpublished work. All rights reserved

Zachary Breland
27 Cove Creek Drive
Decatur, Alabama 35603

September 30, 2021

HR Business Partner
United Launch Alliance, Inc.
1001 Red Hat Road
Decatur, Alabama 35601

Re: Request for Religious Exemption from Vaccination Policy

Dear Sir or Madam:

I am requesting a religious exemption from the Covid 19 Vaccination policy, specifically, that I not be required to take the vaccine.

I was raised in a Christian household but it wasn't until a few years ago that I became born again. (John 3:7). At that point, I grasped and adopted not only the lifestyle that Christ commanded, but also the heart and mind of a believer in Christ. My Christian beliefs and actions do not come without much faith, Bible study and prayer in order to come to decisions that I make, including this one.

The Bible says that God created the body both "fearfully and wonderfully" (Psalm 139: 13 – 16). The Covid-19 shots insert MRNA processes, which is injection of gene therapy. That process interferes with my God-given natural protective response, and causes genetic changes to my body. To alter myself in this way is a sinful practice to my beliefs, and because of that, I cannot take the vaccine.

The Bible tells us "God blessed them and said be fruitful and multiply." (Genesis 1:28). "In a public comment to the CDC, molecular biologist and toxicologist, Janci Chunn Lindsay, Ph.D. in formed the CDC that …"there is a credible reason to believe that the Covid vaccines will cross-react with the syncytin and reproductive proteins in sperm, ova, and placenta, leading to impaired fertility and impaired reproductive and gestational outcomes." https://www.jennifer margulis.net/halt-covid-vaccine-research-scientist-urges-cdc/. In addition, "respected virologist Dr. Bill Gallaher, made excellent arguments to the CDC as to why you would expect such cross reaction, due to beta sheet conformation similarities between spike proteins and syncytin-1 and syncytin-2." Id. Because of this very real potential for harm, which has not been disproven by any immunological study, (id.) I am to follow the Lord's command and not take any action that would disable or adversely impact my ability to reproduce as I am in my reproductive years, and because of that, I cannot take the vaccine.

One of the basic principles of my faith is that life begins at conception. As stated in Psalm 139:13 "For You created my innermost being. You knit me together in my mother's womb." As a Christian, I believe in the Ten Commandments, among them that "You shall not murder. Exodus 20:13. I both believe in and observe those Christian principles that life is sacred and that life begins at conception. I have a sincerely held religious belief that abortion is murder, and I cannot participate in anything that comes from or uses an abortion.

All of the Covid-19 vaccines use aborted fetuses or parts of aborted fetuses in the testing or initial development of the vaccines. The policy of ULA that I take the vaccine would violate my belief against abortion. I cannot be a participant in an act that offends my sincerely held religious belief, and I cannot in good conscience take any such Covid vaccine.

Also, it is my sincerely held religious belief and practice that I honor God with my body. As stated in I Corinthians 6:19, "Do you not know that your body is a temple of the Holy Spirit, who is in you, whom you have received from God? You are not your own; you were bought at a price. Therefore honor God with your body." As I said above, the Covid-19 vaccines came from the aborted fetuses or parts of aborted fetuses in the testing or manufacture, the gene therapy alters and interferes with the way God made me, and the shot could interfere with fertility or interfere with my baby forming. Due to each of these reasons which go counter to my sincerely held religious belief and practice and my conscience, I cannot take the vaccine.

In short, it violates my sincerely held religious beliefs and conscience to take the vaccine into my body, and I cannot take the vaccine.

                                                                            Sincerely,

                                                                            Zachary Breland



## COVID-19 VACCINATION MEDICAL ACCOMMODATION FORM
## (NON-CALIFORNIA)

PLEASE PRINT THE FOLLOWING INFORMATION:

Name: Zachary Breland   Phone No.: 256-957-1815
E-mail: Zachary.dbreland@ulalaunch.com   Supervisor/Leader: Jason Smith

I understand that United Launch Alliance ("ULA") is requiring that employees comply with its mandatory vaccination policy as part of its ongoing efforts to maintain a safe work environment. I am requesting an accommodation allowing me to come into the workplace even though I am not fully vaccinated against COVID-19 because of a medical condition or disability concern. If my medical condition changes and I am able to have the vaccination in the future, I understand I must notify my Human Resources Business Partner.

I acknowledge that I have read and fully understand the above information on this form.



Employee Signature                                                  Date 9/22/2021

### HEALTHCARE PROVIDER SECTION[1]

The employee's Healthcare Provider should review the following information and respond fully to the questions below:

At this time, ULA requires employees to receive the COVID-19 vaccination in order to enter the workplace. Employee has requested an accommodation due to a medical condition or disability concern and asks to be permitted to work in the workplace even though they are unvaccinated.

We ask that you complete this form so that we can assess the employee's request and determine whether we can reasonably accommodate the employee without posing a significant risk of substantial harm to the health or safety of the employee or others. Please only provide information related to the condition(s) that support or are related to the employee's request for accommodation. Should you have any questions, please contact ULA at ula.medical@ulalaunch.com. Thank you.

1. **Does the employee have a physical or mental condition that precludes the employee from receiving one of the COVID-19 vaccines? (If you answer "no" to this question, you do not need to answer questions 2 to 6. Please proceed to question 7.)**

   Yes **X**  No ___

---

[1] **A Note to Health Care Providers Assisting Our Employees:**
The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, you should not gather or provide any genetic information when responding to this request for medical information. "Genetic information" as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

Form HR-527B Rev New (01 September 2021)
Copyright© 2021 United Launch Alliance, LLC as an unpublished work. All rights reserved

2. Is there a COVID-19 vaccine currently approved in the United States (including those approved through the Emergency Use Authorization process) that the employee could safely receive?

   Yes __ X No ____

3. Does the employee's physical or mental condition that precludes the employee from receiving any of the available COVID-19 vaccines substantially limit one or more major life activities? (In this context, "substantially limit" means to make achievement of the major life activity difficult. Whether achievement of the major life activity is "difficult" is an individualized assessment which may consider what most people in the general population can perform with little or no difficulty, what members of the individual's peer group can perform with little or no difficulty, and/or what the individual would be able to perform with little or no difficulty in the absence of disability. Please answer this question without consideration of any mitigating measures.)

   Yes X No ____

4. If the employee's condition that precludes the employee from receiving a COVID-19 vaccine is temporary, state how long the limitation is expected to continue.

   _____ Days/Weeks/Months

   ____ X ____ Employee's condition is indefinite.

5. Please provide any details that, in your medical opinion, support the exemption to ULA's mandatory COVID-19 vaccination policy. (Attach additional sheets if necessary.)

   _Pt suffers from Generalized Anxiety Disorder well preceding the COVID Pandemic + the pandemic greatly aggravates this condition + limits his ability to take Vaccination._

6. Are there any reasonable accommodations of which you are aware that would enable the unvaccinated employee to perform their job duties on-site without posing a direct threat to the health or safety of the employee or others? If so, please specify the reasonable accommodation and why you believe it will be effective.

   _Defer to company policy_

7. Has the unvaccinated employee received a positive FDA-approved SARS-CoV-2 antibody (serology) test?

   Yes ___ No ____

   If yes, please specify the date of the positive test. _____

2

**ULA**

_Stephen W. Harbin MD_
Healthcare Provider's Signature
(designee or stamp not permitted)

Stephen W. Harbin MD
Print Name

F. P.
Area of Practice/Specialty

9/22/21
Date

Decatur Family Medicine
1255 7th St SE Suite 110
Name and Address of Provider's Practice Decatur, AL 35601

256-306-1655
Phone Number

Form HR-527B Rev New (01 September 2021)
Copyright© 2021 United Launch Alliance, LLC as an unpublished work. All rights reserved

**EXHIBIT B**

# Breland, Zachary D

| | |
|---|---|
| **From:** | Boyd, Waynett S |
| **Sent:** | Friday, October 22, 2021 8:15 AM |
| **To:** | Breland, Zachary D |
| **Cc:** | Brough, Amanda H |
| **Subject:** | Notification of Vaccine Accommodation Request Status |

Sensitive Internal Information

United Launch Alliance (ULA) Proprietary Information

This notice is to inform you that your <u>Medical</u> Vaccine Accommodation request has been denied. The denial was based on the CDC "Interim Clinical Considerations for Use of COVID-19 Vaccines". The Medical Accommodations committee (Dr. David Cole and Dr. Waynett Boyd, Chair) reviewed all documents submitted by you. If you have questions regarding your next steps, please speak with your Human Resources Business Partner.

<u>Interim Clinical Considerations for Use of COVID-19 Vaccines | CDC</u>

Regards,

*Waynett*

**Waynett S. Boyd, DNP, RN, COHN-S/CM, CWCP, NE-BC**
*ULA Medical Leader*
*Desk: 256-432-1265*
*Cell: 256-221-2192*
*Toll free: 866-520-1268*
*Toll free fax: 888-316-1613*
<u>waynett.s.boyd@ulalaunch.com</u>



SAFETY FOR **LIFE** | Living Injury Free Every Day

*"Ownership Is The Heart Of Performance"*

---

This message is intended only for the use of the intended recipient. If you are not an intended recipient, you are hereby notified that any use, dissemination, disclosure or copying of this communication is strictly prohibited. If you have received this communication in error please destroy all copies of this message and its attachments and notify the sender immediately.

1

# REASONABLE ACCOMMODATION DECISION FORM
COVID-19 Vaccine Policy



| Reasona ble Accommodation Decision Form |||
|---|---|---|
| The chair of the Accommodation Committee must complete this form and submit copies of all information reviewed, considered and / or gathered in making a decision to the Talent Management Department within five days of completion. |||
| Chair Person's Name: Tina Wiggs || Phone Number: 256-432-1109 |
| Position Title: HRBP || E-mail: constantina.s.wiggs@ulalaunch.com |
| Site: Decatur |||
| List the names of the Accommodation Committee members consulted in this case, including the employee: |||

| Name | Site | Function | Phone Number | E-mail |
|---|---|---|---|---|
| Gillian Dale | Denver | Legal | 303-269-5876 | gillian.dale@ulalaunch.com |
| Amy Logsdon | CCSFS | HR | 321-730-5632 | amy.logsdon@ulalaunch.com |
| Lourie Bradley | Decatur | HR | 256-432-1956 | lourie.a.bradley@ulalaunch.com |
| Jennifer Morgan | Decatur | HR | 256-432-1955 | jennifer.l.morgan@ulalaunch.com |
| Janet Williams | Denver | HR | 303-269-5961 | janet.m.williams@ulalaunch.com |
| Noelia Gutierrez | Harlingen | HR | 956-430-7835 | noelia.gutierrez@ulalaunch.com |
| Mary Ann Milton | Denver | HR | 303-269-5548 | maryann.milton@ulalaunch.com |
| Jose Duenas | VSFB | HR | 805-606-3585 | jose.g.duenas@ulalaunch.com |
| Kia Silverman | Denver | HR | 303-269-6456 | kia.silverman@ulalaunch.com |
| Linda Wyman | CCSFS | HR | 321-730-0495 | linda.m.wyman@ulalaunch.com |

**Answer the following questions:**

Name of the person requesting the reasonable accommodation: Zac Breland

Site and name of business group of requestor: Decatur

Job title of the requestor: Aerospace Production Technician

Name of leader of requestor: Jason Smith

Describe the accommodation requested and the reason for the request:
Exemption from the COVID-19 vaccination mandate for religious reasons

If accommodation is approved, describe the accommodation granted and the reason for approval:

If accommodation is granted, describe any conditions on approval:

If accommodation is denied, provide the reason for denial:
This request is being denied because the accommodation would result in an undue hardship to ULA. Factors that contribute to the undue hardship include, but are not limited to: the high volume of requests to accommodate that qualified under the sincerely held belief prong of the analysis; the need to ensure a healthy and safe workplace; the time, cost, and administration burden associated with weekly testing; potential issues with the availability of testing; ULA's requirements as a federal government contractor, including NRO requirements to staff contracts with vaccinated workers; the need to comply with strict contract requirements, including launch schedules, and the potential financial risks of failure to satisfy such requirements; the nature of our workplace and business, including the need for on-site work; the need for employees to interact with others, travel, and access customer facilities, including federal facilities with strict access requirements; the number of prior COVID cases and quarantines at ULA, including multiple

HR-126.B New (20 October 2021)
Copyright © 2017 United Launch Alliance, LLC as an unpublished work. All rights reserved.

# REASONABLE ACCOMMODATION DECISION FORM



| hospitalizations and deaths; and the presence of continued active COVID-19 cases and quarantines at ULA despite prior safety measures. |
|---|
| Date requestor was notified of decision: 10/25/2021 |

| Signature: *Tina S. Wigg* | Title: HRBP | Date: 10/25/2021 |
|---|---|---|

Reasonable accommodation approvals to the COVID-19 vaccine policy are **provisional** and not considered permanent. Employees with an approved accommodation will be required to complete regular COVID-19 testing, in lieu of receiving the vaccine. Testing will be done weekly, at minimum, and customer requirements may require more frequent testing in some situations, which may apply to the employee. Failure to comply with the testing requirements will result in revocation of the accommodation.

Approvals may be reassessed and/or revoked by ULA at any time. Reasons that may result in discontinuing the accommodation include, but are not limited to: ULA determines it is an undue hardship to continue the accommodation, customer requirements change, there is a change in the employee's job, a new vaccine is developed that does not conflict with the employee's sincerely held religious beliefs, or the approval was based on untruthful or inaccurate information provided by the employee. ULA will re-engage the employee in the interactive process prior to reassessing or revoking the approved accommodation.

Copyright © 2017 United Launch Alliance, LLC as an unpublished work. All rights reserved.

# EXHIBIT C

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION  This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: ☐ FEPA ☒ EEOC | Agency(ies) Charge No(s): 420-2022-00232 |
|---|---|---|

_____ and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* **MR. ZACHARY D BRELAND** | Home Phone **(256) 957-1815** | Year of Birth |
|---|---|---|

Street Address: **27 COVE CREEK DRIVE, DECATUR, AL 35603**    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name **UNITED LAUNCH ALLIANCE** | No. Employees, Members **15 - 100** | Phone No. |
|---|---|---|

Street Address: **1001 RED HAT RD, DECATUR, AL 35601**

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address    City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **10-22-2021**   Latest: **10-29-2021**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**In or around August 2021, I was notified by my employer that it would be requiring all employees to be fully vaccinated. I am an individual with an impairment which substantially limits one or more major life activity and I sincerely hold a religious belief that conflicts with my employers vaccination requirement. I notified my employer of my disability and my religious belief. My employer requires me to get a COVID-19 vaccination as a requirement of my job. I notified my employer of my need for an accommodation from the vaccination requirement. Instead of accommodating my accommodation requests, I was placed on administrative leave pending my voluntary resignation on October 29, 2021.; however I did not resign nor am I willing to resign.**

**I believe my employer failed to accommodate me and discharged me because of my religion in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that my employer failed to accommodate me and discharged me because of my disabiliy in violation of Title I of the Americans with Disabilities Act of 1990, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.  **Digitally signed by Zachary D Breland on 11-09-2021 09:28 PM EST** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.