FILED
2021 Nov-12  AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

|  |  |
|---|---|
| HUNTER CREGER, individually and on behalf of all others similarly situated, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED LAUNCH ALLIANCE, LLC;<br><br>*Defendant*. | Civil Action No.: |

**AFFIDAVIT OF MICHAEL LANCE NORWOOD**

I, Michael Lance Norwood, declare as follows:

1.  I am 31 years of age and I am a resident of Huntsville, Alabama.

2.  I am a mechanical design engineer at United Launch Alliance, and have worked at ULA since 2013. I started with ULA as a facilities engineer and changed roles to a mechanical design engineer in the Major Development program working Vulcan Booster in 2018 and then moved to work Centaur 5 (upper stage) in 2020, still as part of the major development program. I have regularly received strong performance reviews and have never had a disciplinary action taken against me.

3.  As a mechanical design engineer, my principal work consists of design work on a computer. In the office I work in a 4-person cubicle. Since the onset of the COVID pandemic, my work station has been separated by the other work stations in my cubicle by Plexiglas barriers. At the beginning of the pandemic my entire team was allowed to work from home, and we still are allowed to work from home except 2 days a week in the office is now required.

4.  In the eight years I have worked at United Launch Alliance, I occasionally have to travel for work. The nature of my work travel is typically to other ULA sites to support testing or meetings. This travel is not required and there are other employees that could support in my absence. I have not yet needed to travel to federal sites.

5.  Even when not doing design work at the computer, my job functions can be performed over Web-Ex or skype, or while maintaining a six-foot distance from other employees on the rare occasion I actually need to be on the factory floor. To add to that almost my entire team is stationed in Denver and I have to work remotely with them on a daily basis. Working remotely from my house compared to my desk at the factory is virtually the same.

6.  For the past year and a half since the COVID pandemic began, I have done my work as a mechanical design engineer at ULA while mostly working remotely, or working with mask and

1

social distance restrictions and submitting to temperature checks when working on-site.  I have had Covid and still have antibodies. I would submit to testing if required to keep my job but with me having antibodies I am just as safe as any vaccinated employee on site. ULA also believes this because they were once considering allowing antibody test as a substitute for vaccination. ULA's President and CEO, Tory Bruno, stated in a "Town Hall" video that natural immunity provides "similar protection" to the vaccines and that the vaccines were to imitate natural immunity. I have asked on numerous occasions for ULA to provide the number of Covid reinfections versus the number of breakthrough cases within the company and they have ignored every request.

7.   On August 25, 2021, ULA's President and CEO, Tory Bruno, announced in an email to "All ULA Teammates" that "ULA will require the COVID vaccination as a condition of employment beginning Sept. 1, 2021."

8.   On September 1, 2021, ULA announced new policy CPS-086,  which "requires all employees and contractors with badged, unescorted access to ULA facilities to be vaccinated against COVID-19 as part of its continued efforts to maintain a safe workplace."

9.   In its HR-527, ULA COVID Vaccination Process Instruction issued that same day, ULA announced that "Effective October 1, 2021, ULA will begin requiring all employees to be vaccinated against COVID-19 as a condition of employment."

10.  The Instructions further provided that "Those employees or On-Site Contractors who are not already fully vaccinated will need to receive the first dose of the Pfizer or Moderna vaccine, or the single dose of the Johnson & Johnson vaccine, by October 29, 2021. They will need to receive the second dose of the Pfizer or Moderna vaccine by November 30, 2021."

11.  On September 7, 2021, ULA's President and CEO, Tony Bruno, gave a video presentation in which he announced that ULA would be implementing a vaccine mandate but specifically informed ULA employees that they would be eligible for exemption based on sincerely-held religious beliefs.  I received a link to that video presentation on September 22, 2021, by email. Tory Bruno also mentioned during "Town Hall" meetings just weeks before the blanket denial of religious exemptions that ULA was going to accept religious accommodations. This gave everyone a lot of hope therefore may have reduced the urgency of which they were looking for further employment.

12.  On September 29, 2021, I submitted a request for a religious accommodation from ULA's vaccine mandate.  A true and correct copy of that religious accommodation request is attached hereto as Exhibit A.

13.  On October 13, 2021, I met with Janet Williams, my HR contact, to discuss my request for religious exemption from the vaccine mandate.  She grilled me about my religious faith to determine whether my religious objection was sincerely held and required me to sign an Attestation Form (attached hereto as Exhibit B), but at no point did she discuss possible accommodations or engage in any interactive process or dialogue about possible accommodations.

14.  ULA denied my request for religious accommodation on October 27, 2021, contending, among other things, that it had received too many religious accommodation requests to be able to accommodate.  ULA advised me that it would deem me to have "voluntarily resigned" if I did not receive the first dose (or, in the case of a single-vaccine, the only dose) of an approved Covid-

19 vaccine by Friday, October 29, 2021.  A true and correct copy of ULA's denial of my religious accommodation request is attached hereto as Exhibit C.

15. On October 27, 2021, I filed an appeal of the denial of my religious accommodation request. A true and correct copy of my appeal is attached hereto as Exhibit D.

16. Instead of terminating me on October 29, 2021, ULA placed me on unpaid administrative leave effective close of business on that day, pending resolution of my appeal.  A true and correct copy of that notification is attached hereto as Exhibit E.

17. ULA denied my appeal on November 4, 2021, and advised me that I had "3 calendar days" to receive my "first (Moderna or Pfizer) or final (Johnson & Johnson) COVID 19 vaccination and provide [my] vaccination card to ULA Medical" or else be "separate[d] from ULA."  A true and correct copy of that notification is attached hereto as Exhibit F.

18. I am a Christian, and my sincerely-held religious beliefs bar me from taking a vaccine that was manufactured and/or tested on cell lines derived from stem cells of aborted fetuses, as all of the currently available Covid-19 vaccines are.  Accordingly, and as I advised ULA, I cannot in good conscience comply with the vaccine mandate that has unilaterally been imposed by ULA as a condition on my employment.

19. On October 27, 2021, I filed with the Equal Employment Opportunity Commission a charge against ULA for religious discrimination on the basis of ULA's denial of my request for religious accommodation.  A true and correct copy of that EEOC charge is attached hereto as Exhibit G.

20. EEOC notified me that my initial interview would be held on February 07, 2022.  A true and correct copy of that notification is attached hereto as Exhibit H.

21. My exit interview is scheduled for November 11, 2021 where I will be forced to sign paperwork saying I voluntarily resign from ULA under the premise of a document that says I will not disclose any proprietary information once I voluntarily resign. I do not voluntarily resign and if I were to break any other ULA policy I would be terminated but this is the sole policy if you don't comply you self resign.

22. I am married and a first time father to a daughter who is nine months old, so the loss of health insurance benefits will be particularly burdensome for me and my family as well as a loss of income in order to support my family.

23. While my wife and I are relatively healthy, our daughter does have two congenital heart defects that will require consistent medical evaluation. Losing my medical insurance and salary would a great detriment to my ability to provide and protect my family.

24. Since ULA's mandatory vaccine policy was first announced in August, 2021, I have been trying to find other employment in my field, but have thus far been unsuccessful. ULA gave its employees one week to try and find other employment after leading them on during this entire process. It is quite clear ULA knew it was going to take this stance but waited until the last moment to tell its employees so there would be more pressure on them to choose between their faith and providing for their families.

25. Without employment on regular income, my ability to provide for my family will be severely strained, preventing me from fulfilling another duty imposed upon me by my religious faith, namely, the duty to provide for my family, as specified in 1 Timothy, Chapter 5, verse 8: "But if anyone does not provide for his relatives, and especially for members of his household, he has denied the faith and is worse than an unbeliever."

I declare under penalty of perjury that the foregoing is true and correct.

11/9/2021
_____
Date

*Lance Norwood*
_____
Michael Lance Norwood

# EXHIBIT A



**COVID-19 RELIGIOUS ACCOMMODATION REQUEST FORM**

**Policy Statement & Instructions:**

Consistent with federal, state and local law, United Launch Alliance ("ULA") provides reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances unless providing a reasonable accommodation would result in undue hardship to ULA. If you are seeking an accommodation from the ULA's COVID-19 Vaccination Policy (the "Policy") due to religious reasons, please complete this form and return it to your Human Resources Business Partner.

We request that you complete this form because, in some cases, a person's religious beliefs may be more subjective than objective. If your religious accommodation is not required by the tenets of a specific religion, ULA will need to understand the basis and source of your religious beliefs to reasonably assess whether your request qualifies for a religious accommodation. This is the reason for many of the questions below. The information you provide will allow us to evaluate your request and decide whether we can grant an accommodation in this instance. It is possible that more information will be necessary to evaluate your request, and if so, we will follow up with you for more information. Requests will be processed pursuant to ULA's Reasonable Accommodation Policy, HR-126, and we will inform you once a decision is made on your request.

***Company Expectations for Cooperation and Honesty:***

*As COVID-19 continues to significantly challenge our employees, customers and business, it is more important than ever to work cooperatively with one another. ULA respects employee religious and personal beliefs but also expects employees to cooperate as ULA evaluates accommodation requests, including but not limited to providing true and accurate information in furtherance of accommodation requests. ULA also expects compliance with the United Launch Alliance Code of Conduct. If ULA determines employees have failed to cooperate with its reasonable information requests or employees have acted dishonestly in advancing such requests, it may deny the accommodation request and, if appropriate, take disciplinary action including potentially terminating an employee's employment.*

Employee Name: Lance Norwood

Position: Mechanical Engineer

Supervisor: Matt Smid

1. Please describe in detail the provision(s) of ULA's COVID-19 Vaccination Policy from which you are seeking accommodation and the accommodation you are requesting.

I am seeking an exemption from ULA's vaccine mandate, which is in conflict with my sincerely held religious beliefs as a follower of Jesus Christ.

The accommodation I am requesting is to be considered vaccinated due a previous infection of COVID-19 and still presenting with antibodies. Numerous studies show natural immunity is just as good, if not better than vaccinated immunity therefore I am at a minimum just as safe as any vaccinated employee. Tory Bruno acknowledges as much in his all hands video.

2. Please identify the religious belief, practice, or observance that is causing you to seek the accommodation identified in response to Question No. 1.

My Christian faith does not allow for the direct or indirect support of abortion, murder, or any other sin. I also believe and practice abstinence from consuming food, chemicals, medicines, etc. that <u>may</u> be harmful to my body

as my body is a temple of the Holy Spirit and belongs to God.

3.  Please describe the conflict between such religious belief, practice, or observance and the provision(s) of the COVID-19 Vaccination Policy identified in response to Question No. 1.

If I were to receive any of the three approved COVID-19 vaccinations, I would be in direct conflict with my sincerely held religious beliefs due to the fact all three approved vaccines either use aborted fetal cells in the injection or used aborted fetal cells during testing. By accepting the vaccine, I would be either directly or indirectly supporting abortion which is absolutely against my beliefs.

I would also be injecting an unneeded substance into my body since I have previously been infected with COVID-19 and am still presenting with antibodies. My personal beliefs lead me to live a lifestyle that limits the consumption of products that could potentially be harmful to my body.

4.  Is the religious belief, practice, or observance you identified in response to Question No. 2 based on an organized religious faith to which you belong, and if so, please describe?

Yes, I am believer in Jesus Christ and practice his teachings pursuant to my Christian faith.

5.  If your request for accommodation is not based on an organized religious faith to which you belong, please describe the basis for the religious belief, practice, or observance you have identified in response to Question No. 2.

N/A

6.  Have you received other vaccinations previously? If so, please describe why the religious belief, practice, or observance you have identified did not prevent you from getting that vaccination(s).

I have not received any vaccinations in the recent past. Any vaccine that I received in the distant past, that may be in direct conflict of my faith, was administered to me during adolescents when I had no control over my medical decisions nor a deep understanding and connection with my faith.

7.  Would receiving a COVID-19 vaccine interfere with your ability to practice your religion? If so, please explain.

Yes, willfully and knowingly accepting a product that utilizes and supports the use of aborted fetal cells would put me in conflict with my religious beliefs.

"For if we go on sinning deliberately after receiving the knowledge of the truth, there no longer remains a sacrifice for sins" – Hebrews 10:26

"Then they will cry to the Lord, but he will not answer them; he will hide his face from them at that time, because they have made their deeds evil." – Micah 3:4

"If one turns away his ear from hearing the law, even his prayer is an abomination." – Proverbs 28:9

"And then will I declare to them, 'I never knew you; depart from me, you workers of lawlessness." – Matthew 7:23

Form HR-527A Rev New (01 September 2021)
Copyright© 2021 United Launch Alliance, LLC as an unpublished work. All rights reserved

8.  Please describe how the religious belief, practice, or observance you have identified in response to Question No. 2 effects other aspects of your life, such as if it prevents you from receiving certain medical care. (Please do **not** share any medical information, including without limitation any diagnosis or treatment information.)

My religious beliefs prevent me from supporting and participating in abortion, which does not allow me to receive other vaccines or medical treatments that have been produced with the use of aborted fetal cells. My religious beliefs are that life begins at conception so I am unable to participate in any contraception that terminates pregnant post conception. I also cannot participate in any medical treatment that makes me complicit in sin.

I also do not take vaccines that do not use aborted fetal cells, due to not wanting to inject unneeded products into my body. I do not take the Influenza, HPV, Meningitis, and other vaccines. I take other precautions to prevent or eliminate contracting illnesses. To use Influenza as an example, I attempt to prevent contraction influenza by maintaining a healthy lifestyle and exercising regularly. While my healthy lifestyle may not completely prevent the contraction of Influenza, just like COVID, it does greatly reduce risk of serious illness and symptoms.

I eat an all-natural diet which includes organic, non-GMO, no antibiotic, etc. food to reduce the chance of consuming products that could potentially be harmful to body. I also use all natural hygiene products such as aluminum free deodorant, natural soaps and shampoos that are free of parabens, sulfates, and many other potentially harmful ingredients.

Many of the chemicals that are now omitted from food, deodorant, soap, shampoo, etc. were once common place and all of them are still acceptable per the FDA. The COVID-19 vaccines are still new to market and there has not been sufficient time to determine any long term affects. There are many examples of products that had been previously approved by the FDA to then have their approval rescinded. Many of these products were determined to be detrimental long after the phase 3 trails had been completed and approved. Although the Pfizer vaccine has FDA approval it has not completed its phase 3 trial observation time period.

Many of the products I abstain from consuming still hold FDA approval, as does the Pfizer COVID-19 vaccination, but FDA approval does not invalidate my sincerely held beliefs and practices.

These are just a few of the examples of how I live my life in accordance to my beliefs, which would be violated by taking the COVID-19 vaccine. There are many other examples of how my beliefs and practices effect all aspects of my life but I think what I shared is sufficient to recognize that I hold sincere religious beliefs and no further invasion of my privacy is warranted.

9.  Is there anything else you would like the company to know about your request for accommodation? If so, please provide that information here or attach any documents you wish to provide.

The accommodation I am seeking is to be considered vaccinated due my natural immunity to COVID-19. I would be willing to participate in other accommodations such as working remotely, regular testing, etc., if in the future natural immunity is determined insufficient by ULA.

**Employee Acknowledgment:** I acknowledge that I have read and understand this request form and that all statements made above are complete and accurate to the best of my knowledge. I understand that any intentional misrepresentation contained in this request may result in disciplinary action. I understand that the accommodation requested above may not be granted if I have not identified a religious belief, practice, or observance that conflicts with the COVID-19 Vaccination Policy or if the accommodation is not reasonable or imposes an undue hardship.

Date: 9/20/21                           Signature:        *Lance Norwood*

                                        Name:              Lance Norwood

Form HR-527A Rev New (01 September 2021)
Copyright© 2021 United Launch Alliance, LLC as an unpublished work. All rights reserved

# EXHIBIT B

**UNITED LAUNCH ALLIANCE – ATTESTATION FOR RELIGIOUS
EXEMPTION FROM COVID-19 VACCINATION POLICY**

You have submitted a COVID-19 Religious Accommodation Request Form, asking to be exempted from ULA's COVID-19 Vaccination Policy as an accommodation for your sincerely held religious beliefs. You indicated in the form that the basis for your exemption request is the potential use of fetal cell lines in the testing or development of the COVID vaccine. In order to evaluate your request, we ask that you complete the attestation below. This will help to ensure your understanding of the scope of fetal cell lines use in the testing and development of common medicines and to assess your statement that the use of such products violates your religious beliefs.

The following is a list of common medicines that have used fetal cell lines in their testing or development. This list is not all-inclusive, but is instead intended to provide an idea of the ubiquity of fetal cell use in commonly-used medications.

| | | | |
|---|---|---|---|
| Tylenol | Ibuprofen | Benadryl | Claritin |
| Pepto Bismol | Maalox | Sudafed | Zoloft |
| Aspirin | Simvastatin | Albuterol | Suphedrine |
| Tums | Ex-Lax | Preparation H | Prilosec OTC |
| Lipitor | Zocor | Enbrel | Azithromycin |
| Senokot | Zostavax | MMR Vaccine | Varilrix |
| Motrin | Tylenol Cold & Flu | Acetaminophen | Havrix |

<u>Attestation</u>:

I hereby affirm that my sincerely held religious belief does not permit me to take any medications that use fetal cell lines in their testing or development and that I do not use or will not use any of the medications listed above, or any other medication (prescription, vaccine, or over the counter) that has used fetal cell lines in its testing or development.

I further affirm that if granted an exemption, I will abide by the vaccine accommodation requirements outlined in the accommodation approval form, including but not limited to the requirement for weekly COVID-19 testing. I understand that submitting false information in the accommodation request form or this attestation is a violation of the ULA Code of Conduct and will subject me to disciplinary action, up to and including termination of employment.

Lance Norwood
_____
Print Name

*Lance Norwood*                                        10/20/21
_____          _____
Signature                                                      Date

I understand the above is ULA's position but it does not accurately represent my religious views or accommodation I am requesting. I am signing this document without waiver of my legal right to seek religious exemption and accommodation from any requirement that conflicts with my sincerely held religious beliefs, and without waiver of the right to seek legal redress from any wrongful denial of such exemption or accommodation.

I have no issues signing an attestation form that accurately represents my religious beliefs. I also have no problem signing a form agreeing to an accommodation, after said accommodation is presented to me for consideration and review.

I have submitted my objections to the form to my HR business rep Janet Williams.

# EXHIBIT C

# REASONABLE ACCOMMODATION DECISION FORM
COVID-19 Vaccine Policy



| Reasonable Accommodation Decision Form |
|---|

The chair of the Accommodation Committee must complete this form and submit copies of all information reviewed, considered and / or gathered in making a decision to the Talent Management Department within five days of completion.

| | |
|---|---|
| Chair Person's Name:  Tina Wiggs | Phone Number:  256-432-1109 |
| Position Title:  HRBP | E-mail:  constantina.s.wiggs@ulalaunch.com |
| Site:  Decatur | |

**List the names of the Accommodation Committee members consulted in this case, including the employee:**

| Name | Site | Function | Phone Number | E-mail |
|---|---|---|---|---|
| Gillian Dale | Denver | Legal | 303-269-5876 | gillian.dale@ulalaunch.com |
| Amy Logsdon | CCSFS | HR | 321-730-5632 | amy.logsdon@ulalaunch.com |
| Lourie Bradley | Decatur | HR | 256-432-1956 | lourie.a.bradley@ulalaunch.com |
| Jennifer Morgan | Decatur | HR | 256-432-1955 | jennifer.l.morgan@ulalaunch.com |
| Janet Williams | Denver | HR | 303-269-5961 | janet.m.williams@ulalaunch.com |
| Noelia Gutierrez | Harlingen | HR | 956-430-7835 | noelia.gutierrez@ulalaunch.com |
| Mary Ann Milton | Denver | HR | 303-269-5548 | maryann.milton@ulalaunch.com |
| Jose Duenas | VSFB | HR | 805-606-3585 | jose.g.duenas@ulalaunch.com |
| Kia Silverman | Denver | HR | 303-269-6456 | kia.silverman@ulalaunch.com |
| Linda Wyman | CCSFS | HR | 321-730-0495 | linda.m.wyman@ulalaunch.com |

**Answer the following questions:**

Name of the person requesting the reasonable accommodation:  Lance Norwood

Site and name of business group of requestor:  Centennial

Job title of the requestor:  Mechanical Engineer

Name of leader of requestor:  Matt Smid

Describe the accommodation requested and the reason for the request:
Exemption from the COVID-19 vaccination mandate for religious reasons

If accommodation is approved, describe the accommodation granted and the reason for approval:


If accommodation is granted, describe any conditions on approval:


If accommodation is denied, provide the reason for denial:
This request is being denied because the accommodation would result in an undue hardship to ULA.  Factors that contribute to the undue hardship include, but are not limited to: the high volume of requests to accommodate that qualified under the sincerely held belief prong of the analysis; the need to ensure a healthy and safe workplace; the time, cost, and administration burden associated with weekly testing; potential issues with the availability of testing; ULA's requirements as a federal government contractor, including NRO requirements to staff contracts with vaccinated workers; the need to comply with strict contract requirements, including launch schedules, and the potential financial risks of failure to satisfy such requirements; the nature of our workplace and business, including the need for on-site work; the need for employees to interact with others, travel, and access customer facilities, including federal facilities with strict access requirements; the number of prior COVID cases and quarantines at ULA, including multiple

HR-126.B New (20 October 2021)
Copyright © 2017 United Launch Alliance, LLC as an unpublished work.  All rights reserved.

# REASONABLE ACCOMMODATION DECISION FORM



hospitalizations and deaths; and the presence of continue active COVID-19 cases and quarantines at ULA despite prior safety measures.

Date requestor was notified of decision:  10/21/2021

| | | |
|---|---|---|
| | | |
| *Tina S. Wiggs* | HRBP | 10/21/2021 |
| Signature | Title | Date |

Reasonable accommodation approvals to the COVID-19 vaccine policy are **provisional** and not considered permanent. Employees with an approved accommodation will be required to complete regular COVID-19 testing, in lieu of receiving the vaccine.  Testing will be done weekly, at minimum, and customer requirements may require more frequent testing in some situations, which may apply to the employee.  Failure to comply with the testing requirements will result in revocation of the accommodation.

Approvals may be reassessed and/or revoked by ULA at any time.  Reasons that may result in discontinuing the accommodation include, but are not limited to: ULA determines it is an undue hardship to continue the accommodation, customer requirements change, there is a change in the employee's job, a new vaccine is developed that does not conflict with the employee's sincerely held religious beliefs, or the approval was based on untruthful or inaccurate information provided by the employee.  ULA will re-engage the employee in the interactive process prior to reassessing or revoking the approved accommodation.

HR-126.B New (20 October 2021)
Copyright © 2017 United Launch Alliance, LLC as an unpublished work.  All rights reserved.

# EXHIBIT D

Appeal:

General: For documentation purposes I would like to point out that Tory Bruno's name is not on the "Committee Members Consulted" list although he either had to make this decision or approve this decision.

I would also make note the document says when the requestor was notified of the decision not when the decision was made. I also want to point out I did not receive my denial notification until 10/27/21 while the document says 10/21/21.


High volume of request:

 ULA set the due date for accommodation request, set the vaccine deadline, and is in control of the entire process. To say the process that ULA created is an undue hardship is a little bit of a reach. The EEOC allows for temporary accommodations that could be used to extend the accommodation process instead of just denying every employee. The EEOC also allows for an abbreviated process that does not require interactive meetings, attestation forms, etc. that just draw out the process, which it looks like was ULA's intent, so they did not have to approve any accommodations. ULA also has the time and personnel to perform exit interviews and setup new interviews for terminated employees, but not make a decision on accommodations.

Safety of the workforce:

I have antibodies so I pose no greater threat to the work force than any other vaccinated employee. I actually pose less threat considering there have been numerous breakthrough cases within ULA and worldwide. There are numerous studies showing reinfection is less likely than a breakthrough case of COVID. I would like ULA to provide the number of reinfections within the company versus the breakthrough cases. There are still a high number of unvaccinated employees company wide yet cases are plummeting, making forcing the remaining unvaccinated employees to be fired or get vaccinated is unnecessary and cruel.

Weekly Testing:

For me weekly testing would be discrimination and a punishment based on my religious beliefs considering I have antibodies and ULA has said as a company they agree that antibodies provide similar protection as a vaccine. On top of that testing cost would be miniscule compared to the money ULA spends on a daily basis, I am also sure most employees would consider paying for the test themselves if it meant keeping their job. The fact that ULA hasn't even tried to compromise with employees show they are discriminating based on religious beliefs. Testing is just as widely available as the vaccine, that is no excuse to not even attempt to accommodate people.

Contracts:

The contracts that ULA is hiding behind are modifications. ULA surely could have asked for some sort of leeway in the near term for their employees since both parties have to agree to contract modifications. The risk to not fulfilling these contracts is much greater if ULA discards its unvaccinated workforce. Many of these people are highly skilled at what they do and will be nearly impossible to replace, and/or

will take a great amount of time to replace therefore putting schedules and mission success at much greater risk than having to occasionally quarantine employees, which is also unnecessary. ULA's deadline is also not inline with the government contractors mandate date. Finally, me personally I work IRAD and do not support any of these contracts so those mandates should not affect my position with the company.

Nature of work:

The nature of my work does not require me to be in person often, if at all. My entire team is being kicked out of their Denver office for renovations and are prepared to work from home for 4 months. Saying that I can not do the same as everyone else on my team is discrimination.

Cases at ULA:

Again, I would reiterate that many cases are now breakthrough cases. ULA needs to provide the data of breakthrough cases vs re-infection at ULA. Worldwide the data clearly shows reinfection is far less likely than breakthrough cases so terminating an employee based on that fact would be a lie.

# EXHIBIT E

| From: | Williams, Janet M |
|---|---|
| To: | Norwood, Lance |
| Subject: | Reasonable Accommodation Update |
| Date: | Wednesday, October 27, 2021 4:50:07 PM |
| Attachments: | image001.png |

**Sensitive Internal Information**

Hi Lance,

ULA is processing your reasonable accommodation request and/or appeal (grievance) and recognizes that the October 29 deadline to provide vaccination documentation is quickly approaching.

To ensure that you have the information that may be necessary for you to make an informed decision whether or not to be vaccinated, please note the following updated guidelines apply to you:

- If you have not provided proof of vaccination by COB local time 10/29, you will be placed on unpaid administrative leave.  Your network and badge access will be deactivated and you will be unable to perform work.
- Employees who submitted their request timely and have not received their reasonable accommodation/appeal (grievance) decision will remain on unpaid administrative leave as they await a formal decision from ULA.  Per the reasonable accommodation process, ULA has up to 15 business days to issue an appeal decision.
- Once the written decision is provided, you will have 3 calendar days from that notification date to decide to resign or to receive the vaccine and provide vaccine documentation to ULA Medical.
- If you are represented by a Union, the 3 days will start counting after the Company renders a written grievance decision to the Union.
- If no vaccine documentation is received by the 3rd day, you will be contacted to schedule your exit interview and out-processing.
- If the R/A decision or appeal is <u>approved</u>, you will return to active status and you will be able to record available PTO/Vacation/XFLX for the missed days.
- If the R/A decision or appeal is <u>denied</u>, you will receive all accrued PTO/Vacation on your final paycheck.

*Janet Williams, PHR, SHRM CP*
*HR Business Partner*
*Office: 303.269.5961*
*Cell: 720.415.7182*
*Email:* janet.m.williams@ulalaunch.com



1-877-335-8852
7:00 am – 4:00 pm MT, M-F
Or submit a question to AskHR in HRConnect  located on InsideULA.

This message is intended only for the use of the intended recipient. If you are not an intended recipient, you are hereby notified that any use, dissemination, disclosure or copying of this communication is strictly prohibited. If you have received this communication in error please destroy all copies of this message and its attachments and notify the sender immediately.

**EXHIBIT F**

# RELIGIOUS ACCOMMODATION APPEAL FORM
COVID-19 Vaccine Policy



| Religious Accommodation Appeal Form | | | | |
|---|---|---|---|---|
| The chair of the Appeal Board must complete this form and submit it to the Talent Management Department. | | | | |
| Chair Person's Name:  Liane George (Appeal Board Chair) | | | Phone Number: (720) 922-7063 | |
| Position Title:  Vice President, Human Resources | | | E-mail: liane.j.george@ulalaunch.com | |
| Site:  Denver | | | | |
| **List the names of the Appeal Board members consulted in this case:** | | | | |

| Name | Site | Function | Phone Number | E-mail |
|---|---|---|---|---|
| Cynthia Pfeifer | Denver | HR | (303) 391-4890 | cynthia.a.pfeifer@ulalaunch.com |
| Sondra Barbour | Denver | Legal | (720) 922-7138 | sondra.k.barbour@ulalaunch.com |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Answer the following questions:**

Name of the person requesting the reasonable accommodation:  Michael Lance Norwood

Site and name of business group of requestor:  Decatur, Mechanical Engineering

Job title of the requestor:  Mechanical Engineer

Name of leader of requestor: Matthew Smid

Describe the accommodation requested and the reason for the request:
Appeal to a denied request for exemption from the COVID-19 vaccination mandate for religious reasons

If accommodation is approved, describe the accommodation granted and the reason for approval:

If accommodation is granted, describe any conditions on approval:

If accommodation is denied, provide the reason for denial:

**Original Decision:**

*This request is being denied because the accommodation would result in an undue hardship to ULA. Factors that contribute to the undue hardship include, but are not limited to: the high volume of requests to accommodate that qualified under the sincerely held belief prong of the analysis; the need to ensure a healthy and safe workplace; the time, cost, and administration burden associated with weekly testing; potential issues with the availability of testing; ULA's requirements as a federal government contractor, including NRO requirements to staff contracts with vaccinated workers; the need to comply with strict contract requirements, including launch schedules, and the potential financial risks of failure to satisfy such requirements; the nature of our workplace and business, including the need for on-site*

HR-126.B New (20 October 2021)
Copyright © 2017 United Launch Alliance, LLC as an unpublished work.  All rights reserved.

# RELIGIOUS ACCOMMODATION APPEAL FORM



*work; the need for employees to interact with others, travel, and access customer facilities, including federal facilities with strict access requirements; the number of prior COVID cases and quarantines at ULA, including multiple hospitalizations and deaths; and the presence of continued active COVID-19 cases and quarantines at ULA despite prior safety measures.*

## Decision on Appeal:

The request to review the denied accommodation to ULA's vaccine policy has been reviewed and considered by the Appeal Board.

The Appeal Board found no information or evidence that suggests or indicates the Accommodations Committee handled the employee's religious accommodation request in an unfair, biased or improper manner.  The Accommodations Committee collectively reviewed and discussed information provided by the employee to determine if the employee's objection to the COVID-19 vaccine policy was based on a sincerely held belief, observance, or practice. The Accommodations Committee discussed the employee's case without revealing the employee's name. This process maintained confidentiality to the highest degree possible.

Under Title VII of the Civil Rights Act, an accommodation for religious reasons shall be granted by an employer, unless such accommodation would cause more than a minimal burden on the operations of the business.  An employer does not have to accommodate an employee's religious beliefs or practices if doing so would cause undue hardship to the business. An accommodation may cause undue hardship if, among other things, it is costly, compromises workplace safety, decreases workplace efficiency, infringes on the rights of other employees, or requires other employees to do more than their share of potentially hazardous or burdensome work.

ULA has received contract modifications from our government customers, instructing ULA to comply with **Executive Order 14042**, *Ensuring Adequate COVID Safety Protocols for Federal Contractors*, dated September 9, 2021 (published in the Federal Register on September 14, 2021, 86 FR 50985).  Compliance also includes guidance conveyed through Frequently Asked Questions, as published by the Safer Federal Workforce Task Force (Task Force Guidance) at https://www.saferfederalworkforce.gov/contractors.

ULA received more than 100 religious accommodation requests related to the vaccine policy, and the majority passed the first prong of the Accommodation Committee's analysis – whether the religious belief, practice or observance seemed sincerely held. The second prong of analysis was to determine if the accommodation caused an undue hardship to ULA.

Several factors were considered in the undue hardship analysis, and it was determined that undue hardship existed. Among the primary factors that led to this decision are the following:

- The high number of employees who would remain unvaccinated, compromising workplace safety and increasing the likelihood of additional active cases, and exposure/quarantines among the workforce.  If a work group is exposed to an infected team member, it can result in significant disruption of operations, potentially impeding ULA's ability to meet deliverables.
- The requirement to test employees at minimum weekly in lieu of the vaccine.  Factors considered included the cost, the uncertain availability of testing supplies, facilities or testing providers, the need to establish testing protocols at multiple ULA facilities, the ongoing oversight and administration of testing, the loss of productivity while employees test/obtain results, and the disruption to the business.  Depending on their job responsibilities, employees may need more frequent testing in order to access certain customer facilities (i.e. test must be taken within last 72 hours).
- Customer requirements.  The NRO has issued notice that contractor employees who support their contracts are to be vaccinated.  If ULA desires to have an unvaccinated employee perform NRO work, ULA is required to provide the NRO a package including: **(1)** justification why that individual must be assigned to their work (and not elsewhere in the company), **(2)** a detailed plan on how the Company will mitigate the risk of having the

Copyright © 2017 United Launch Alliance, LLC as an unpublished work.  All rights reserved.

# RELIGIOUS ACCOMMODATION APPEAL FORM
COVID-19 Vaccine Policy



unvaccinated employee perform such work (including the specific place where work will be performed, the amount of in-person interaction, how ULA will enforce the mitigation efforts, and the cost, time and resource impact the NRO), and **(3)** justification of any approved medical or religious accommodations, including justifications and case-specific support for each unvaccinated employee that ULA desires to perform NRO work.  That information would be subject to NRO internal review to determine if they would grant ULA's request to have that unvaccinated employee work on their contract.  This is a highly labor intensive process and many ULA employees have already voiced objection to sharing their personal information with the NRO.  Due to the size and structure of ULA, it is not practical to segregate employees who support an NRO contract and those who do not.

Due to consideration of these primary factors listed above, ULA determined that accommodating the number of religious accommodations that passed the first prong of analysis would pose an undue hardship to the operations of the business.  The first two factors listed above apply to all employees who requested an accommodation, regardless of location or job classification.  The NRO requirements have the potential to apply to all employees, and its application to those who "support an NRO contract" is not yet defined.

In addition, the Appeal Board reviewed the specific basis for your appeal:

- The EEOC does allow employers to take into consideration the number of employees who will require accommodation in deciding whether it would case an undue burden: "Another relevant consideration is the number of employees who are seeking a similar accommodation (i.e., the cumulative cost or burden on the employer)."

- ULA requires all employees to work in the office at least one day per week, as was clearly outlined in our workplace mobility policy. Permitting a significant number of employees to avoid this requirement and work remotely on a full-time basis for an indefinite period of time would cause an undue hardship by undermining the collaborative nature of our work. In addition, the federal government guidance has specifically stated that the vaccine requirement for federal contractors applies to remote workers.

For the reasons listed above, the Appeal Board confirms that accommodation would cause an undue hardship to ULA, and this appeal is respectfully denied.

As per previous communications, you have 3 calendar days from receipt of this document to receive your first (Moderna or Pfizer) or final (Johnson & Johnson) COVID 19 vaccination and provide your vaccination card to ULA Medical at ula.medical@ulalaunch.com.

<mark>Proof of Vaccination Due Date: 11/07/2021 5:00PM Central Time</mark>

If your intention is to separate from ULA, we can begin that process immediately.

| Date requestor was notified of appeal decision:  11/04/2021 |
| --- |

| Signature | Title | Date |
| --- | --- | --- |
| *Diane George* | Vice President, Human Resources | 11/04/2021 |

HR-126.B New (20 October 2021)
Copyright © 2017 United Launch Alliance, LLC as an unpublished work.  All rights reserved.

# EXHIBIT G

# EEOC (INQUIRY) NUMBER: 420-2022-00241

## Inquiry Information

### REASON(S) FOR CLAIM

**Date of Incident (Approximate):**  10/21/2021

**Reason for Complaint:**  Religion

**Pay Disparity:**

**Location of Incident:**  Alabama

**Submission (initial inquiry) Date:**  10/27/2021

**Claim previously filed as charge with EEOC?**  No

**Approximate Date of Filing:**  N/A

**Charge Number:**  N/A

**Claim previously filed as complaint with another Agency?**  No

**Agency Name:**  N/A

**Approximate Date of Filing:**  N/A

**Nature of Complaint:**  N/A

### INQUIRY OFFICE

**Receiving:**  Birmingham District Office

**Accountable:**  Birmingham District Office

### APPOINTMENT

**Appointment Date and time:**  02/14/2022 01:00 PM US/Central

**Interview Type:**  Phone

### APPROXIMATE DEADLINE FOR FILING A CHARGE:  04/20/2022

### POTENTIAL CHARGING PARTY

**First Name, Middle Initial:**  Michael

**Last Name:**  Norwood

**Street or Mailing Address:**  1301 GRANDEVIEW BLVD

**Address Line 2:** APT. 1827

**City, State, Zip:** HUNTSVILLE, AL, 35824

**Country:** UNITED STATES OF AMERICA

**Year of Birth:**

**Email Address:** mln319@hotmail.com

**Home Phone Number:** (251) 455-2847

**Cell Phone Number:**

## RESPONDENT/Employer

**Organization Name:** UNITED LAUNCH ALLIANCE

**Type of Employer:** Business or non-profit organization that I applied to, work for, or worked for

**Number of Employees:** 20 or more employees

**Street or Mailing Address:** 1001 redhat rd

**Address Line 2:**

**City, State, Zip Code:** DECATUR,AL, 35601

**County:** Morgan

**Phone Number:**

## RESPONDENT CONTACT

**First and Last Name:**

**Email Address:**

**Phone Number:**

**Title:** Human Resources Director or Owner

## LOCATION OF POTENTIAL CHARGING PARTY'S EMPLOYMENT

**Street or Mailing Address:**

**Address Line 2:**

**City, State, Zip Code:**

**County:**

## POTENTIAL CHARGING PARTY'S DEMOGRAPHICS

**Gender:** M

**Disabled:**  I do not have a disability

**Are you Hispanic or Latino?**  not hispanic or latino

**Ethnicity:**  White,

**National Origin:**  American(U.S.)

## Adverse Action(s)

My company set out a policy to handle religious accommodation request from the COVID-19. They set a due date for request a month before their vaccine dosage deadline. They then proceeded to keep asking the requestees to provide different sorts of information through the interactive process to take up the entire month of the process. Then with one week to the deadline the company started informing requestees the company would not be accepting any religious accommodations because it would be an undue hardship for the company to look into each case individually to determine if an accommodation could be met. They set the dates and deadlines and there will be no more work from the firing and hiring process to replace these employees than to try and determine accommodations. The company is discriminating against it's employees religious views by trying to hide behind a vague application of the undue hardship requirement.

# Supplemental Information

## What Reason(s) were you given for the action taken against you?

That granting an exemption would create an undue hardship on my company. The company is a multi-billion dollar company that could accommodate my beliefs with zero to very little hardship. My entire team is scheduled to work remote for 4 months due to office renovations. Allowing me to do the same as an accommodation would have zero effect on the company. There are many more ways that I could explain this is not an undue hardship.

## Was anyone in a similar situation treated the same, better, or worse than you?

Everyone that requested a religious exemption got denied based on the same grounds. They claim they have to look at each case individually but then use the entire group as the basis to deny 100% of religious exemptions.

## Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide.

Janet Williams

email: janet.m.williams@ulalaunch.com


She is my HR rep and can attest to the religious accommodation denial and any other details that were used during the decision. She can also attest to the fact that our employer has denied 100% of accommodation request.

**Please tell us any other information about your experience?**

Our company and CEO are boldly discriminating against employees with religious beliefs. They are claiming undue hardships that just don't exist for many of the employees that have requested an accommodation. There decisions and reasons constantly contradict themselves.

# EXHIBIT H

| | |
|---|---|
| **From:** | noreply@eeoc.gov |
| **To:** | mln319@hotmail.com |
| **Subject:** | Notice of Rescheduled Interview |
| **Date:** | Thursday, November 4, 2021 9:16:51 AM |

This is to notify you of a change to your appointment for an interview by Phone with a representative of the Equal Employment Opportunity Commission (EEOC). Your new appointment is confirmed for **02/07/2022 at 08:30 AM CST**.

At the time of your interview, please have the password for your EEOC Public Portal user account with you.

Before your interview, please visit https://publicportal.eeoc.gov/portal/ as soon as possible to provide additional information about your inquiry. Providing additional information is optional, but can help make the interview more productive and efficient. You may add or edit the additional information up until you have your interview with EEOC. The information you provide is confidential and will not be disclosed to your employer during an investigation.

**ANSWERING THESE QUESTIONS IS NOT THE SAME AS FILING A CHARGE OF DISCRIMINATION.**

A charge of discrimination is a signed statement asserting that an organization engaged in employment discrimination. It requests EEOC to take remedial action. The laws enforced by EEOC, except the Equal Pay Act, require you to file a charge before you can file a lawsuit for unlawful discrimination. There are strict time limits for filing a charge.

To change or cancel your appointment, please log into the EEOC Public Portal and select the Schedule an Interview option for your inquiry.

*Notice of Confidentiality: The information contained in this transmission may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact us at digitalsupport@eeoc.gov and destroy all copies of the original message and attachments.*