FILED
2021 Nov-12  PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **HUNTER CREGER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | Civil Action Number |
| v. ) | **5:21-cv-01508-AKK** |
| ) | |
| **UNITED LAUNCH ALLIANCE** ) | |
| **LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

The court has for consideration the plaintiffs' motion for a temporary restraining order, doc. 2, in which they ask the court to "temporarily enjoin [United Launch Alliance]'s vaccine mandate for those with religious or medical reasons for seeking an accommodation," *id*. at 2.  The defendants have requested a hearing on the motion, doc. 6, but the plaintiffs oppose this request, arguing that "[p]laintiffs [Hunter] Creger and [Benjamin] Eastman are set to be terminated today at close of business" and thus face immediate irreparable harm because "[f]ailing to grant a TRO before then will deprive them of their chance to retain their jobs while this matter is being considered," doc. 7.  The plaintiffs later corrected their filing to note that only Eastman is scheduled to be terminated today.  Doc. 8.

Though the court is without the benefit of full briefing on the matter, granting the plaintiffs' motion at this stage would be premature. One of the elements that the plaintiffs must establish to receive the "extraordinary remedy" of a temporary restraining order is that "irreparable injury will be suffered if the relief is not granted." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). An irreparable injury is one that "cannot be undone through monetary remedies." *Brown v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, 4 F.4th 1220, 1235 (11th Cir. 2021) (citing *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)). Loss of income due to termination, even if coupled, for example, with "an insufficiency of savings or difficulties in immediately obtaining other employment[,] . . . will not support a finding of irreparable injury, however severely [these factors] may affect a particular individual." *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974).

For Eastman, the plaintiff allegedly facing immediate termination, the plaintiffs have not, at this juncture, demonstrated an irreparable injury requiring immediate injunctive relief. In the relevant section of their briefing, the plaintiffs note only that Eastman, in addition to losing wages, may lose his eligibility for a mortgage if he is fired. Doc. 2 at 19. Neither of these alleged injuries "cannot be undone through monetary remedies," *Brown*, 4 F.4th at 1235, and thus "fall[] short

of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction," *Sampson*, 415 U.S. at 91-92.  The court will therefore decline to grant a temporary restraining order at this time.

Accordingly, the defendants are **ORDERED** to submit a response to the plaintiffs' motion for a temporary restraining order by **November 16, 2021**, and the plaintiffs' reply, if any, is due by **November 19, 2021**.  With the benefit of additional briefing, the court will then determine whether a hearing is warranted.

**DONE** the 12th day of November, 2021.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE