UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HUNTER CREGER, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED LAUNCH ALLIANCE, LLC; <br><br> *Defendant*. | Civil Action No.: <br><br> 5:21-cv-01508-AKK |

**PLAINTIFFS' EMERGENCY MOTION FOR RECONSIDERATION**

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs respectfully request that the Court reconsider its November 30, 2021 Opinion and Order denying Plaintiffs' motion for preliminary injunction. See Order (ECF No. 13). Moreover, Plaintiffs request that the Court consider this motion for reconsideration on an expedited basis because ULA has today notified the remaining named plaintiffs (and putative class members) who were still on unpaid administrative leave that it will be terminating their employment this week, despite having been notified by the Administrative Law Judge with the Alabama Department of Labor that Plaintiffs qualified for a vaccine exemption on religious and/or medical grounds.

**I.   STANDARD OF REVIEW**

Plaintiffs move for reconsideration under Rule 59(e), which permits a party to move to "alter or amend a judgment … no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020). It is well settled that, if a party files a motion for reconsideration within 28 days of a decision on a preliminary injunction motion, "the motion falls under Rule 59(e)[.]" *Travelhost, Inc. v. Modglin*, No. 3:11-cv-0456-G, 2012 WL 2049321, at *3 (N.D. Tex. June 6, 2012) (granting motion for

preliminary injunction on reconsideration); *Mitchell v. Bentley*, No. 11-00687, 2012 WL 642359, at *1 (S.D. Ala. Feb. 28, 2012) (considering a motion to reconsider a denial of a preliminary injunction as a Rule 59(e) motion); *Lucky Cousins Trucking, Inc. v. QC Energy Res. Texas, LLC*, No. 8:16-CV-866, 2016 WL 9211669, at *1 (M.D. Fla. Sept. 20, 2016) (same).

The Eleventh Circuit has held that "[t]he only grounds for granting a Rule 59 motion are newly[ ] discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Applying *Arthur*, the district courts in this circuit "have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Powell v. Bermudez*, No. 20-CV-20391, 2020 WL 3183316, at *1 (S.D. Fla. June 15, 2020).

Here, reconsideration is appropriate because the intervening decision by the Administrative Law Judge demonstrated that Plaintiffs are likely to succeed on the merits of their exemption claims, and the decision by the Fifth Circuit entered after Plaintiffs filed their motion for preliminary injunction indicates that Plaintiffs have "irreparable" injury.

## II.    Argument

### A. Summary of Prior Decision Denying Preliminary Injunction

In its Order denying Plaintiffs' motion for a preliminary injunction, this Court held that Plaintiffs had not demonstrated a likelihood of success on the merits of any of their three claims seeking exemption from ULA's covid vaccine mandate. On their Title VII and ADA claims, this Court held that Plaintiffs had not shown they could "overcome ULA's undue hardship defenses." Order at 12, 15.  On the claim under Alabama Act 2021-561, this Court held that Plaintiffs could not "show a likelihood of success on the merits because the Act bars them from bringing this claim in court without first seeking relief from an ALJ." *Id*. at 17.

This Court then ruled that Plaintiffs had not demonstrated "irreparable" harms. *Id*. at 21. It

also ruled that the harm alleged by Plaintiffs "does not outweigh the potential harms that United Launch may face if it is forced to retain unvaccinated employees without valid bases for accommodation," *id*. at 22, and that Plaintiffs "have failed to show a public interest in enjoining United Launch's vaccine requirement" because "plaintiffs' religious liberty is not threatened, nor is their medical freedom of choice," *id*. at 23.

## B. New Developments Affecting the Preliminary Injunction Criteria

### i. An Alabama Department of Labor Administrative Law Judge Has Ruled For Plaintiffs on the Merits

After this Court issued its ruling, the Administrative Law Judge assigned to hear Plaintiffs' Alabama statutory appeals from the denial of the requests for religious and/or medical exemption has held that Plaintiffs are, in fact, entitled to exemptions from Defendant United Launch Alliance ("ULA"). *See*, *e.g.*, Email to Benjamin Eastman dated Dec. 6, 2021, Vaccine Exemption Request (Decision), Clark Affidavit, Ex. A. That decision was "[b]ased on a review of the information submitted, both in support of and in opposition to the vaccination exemption claim," which is the same information relied on by this Court in holding that Plaintiffs were unlikely to overcome ULA's claim of burden and therefore unlikely to succeed on the merits. Yet as of this date, ULA has not reinstated any of the Plaintiffs to their positions, and this morning notified the Plaintiffs (and other putative class members) who were still on unpaid administrative leave pending resolution of the union grievance process that they would be terminated this week. Clark Aff. ¶ 4. Because this Court previously held that Alabama Act 2021-561 does not provide for a private right of action, Plaintiffs only avenue for relief at present is the injunctive relief (both preliminary and permanent) they have sought from this Court.

The Biden administration's vaccine mandates have also been enjoined since this Court's decision denying Plaintiffs' request for a preliminary injunction, both for government contractors such as ULA and for other businesses with greater than one hundred employees. *See Georgia v.*

3

*Biden*, No. 1:21-CV-163, 2021 WL 5779939 (S.D. Ga. Dec. 7, 2021) (federal contractors); *BST Holdings, L.L.C. v. Occupational Safety & Health Admin., United States Dep't of Lab.*, 17 F.4th 604 (5th Cir. 2021) (private employers). ULA's implementation of those mandates is what necessitated Plaintiffs' exemption requests in the first place.

Plaintiffs are therefore not only likely to succeed on the merits, they have already done so before an Alabama administrative law judge on claims under Alabama law that are nearly identical to the claims under Title VII and the ADA.

### ii. The Fifth Circuit Recently Ruled that the Job or Jab Choice is Irreparable Injury.

As for irreparable injury, the very day the Plaintiffs filed their motion for preliminary injunction, the Fifth Circuit ruled in *BST Holdings* that putting "reluctant individual recipients … to a choice between their job(s) and their jab(s)" was "irreparable harm," because "the Mandate threatens to substantially burden [their] liberty interests" as well their free exercise of religion. *BST Holdings*, 17 F.4th at 618 and n.21.[1]

### iii. The Balance of Equities and Public Interest Now Favor Plaintiffs.

Finally, the Court's prior holding that Plaintiffs had not met the "likelihood of success" and "irreparable injury" factors impacted the assessment on the balance of the equities and public interest requirements. *See* Order at 22 (describing the harm to ULA in retaining "unvaccinated employees *without valid bases for accommodation*" (emphasis added); *id.* at 23 (holding that "plaintiffs' religious liberty is not threatened, nor is their medical freedom of choice"). Now that the ALJ has upheld Plaintiffs' claims on the merits, and the Fifth Circuit has upheld a claim of

---

[1] The District Court for the Northern District of Texas subsequently distinguished *BST Holdings* on the ground that, unlike the private employer mandate at issue in the case before it, *BST Holdings* involved a mandate imposed by the federal government, to which the constraints of the Constitution apply. *Woodruff v. Caris MPI, Inc.*, No. 3:21-CV-2993, 2021 WL 5760506, at *4 (N.D. Tex. Dec. 3, 2021). Because ULA has claimed that its vaccine policy was mandated by its contract with the federal government, Defendant's Opp. Br. at 15 (ECF No. 10), *BST Holdings* cannot be so distinguished here.

4

irreparable injury in similarly circumstances, both the balance of the equities and the public interest determinations should also be revisited. Plaintiffs have a "valid basis" for their accommodations request, as the ALJ has ruled; that would tilt the balance of equities in their favor. And the denial of their religious claims *does* threaten their religious liberty, as the Fifth Circuit has held, thereby affecting the public interest. All of the elements necessary for preliminary relief have therefore now been met. Accordingly, Plaintiffs request that the Court reconsider its Order and grant Plaintiffs' motion for preliminary injunction to prevent the irreparable harms Plaintiffs have demonstrated.

## CONCLUSION

The playing field has changed since this Court's ruling denying Plaintiffs' request for a preliminary injunction. The Administrative Law Judge at the Alabama Department of Labor, reviewing the same "undue burden" claims by ULA at issue here, overruled ULA's denials and held that Plaintiffs were entitled to their requested exemptions. The underlying vaccine mandates by the federal government, which is what triggered ULA's mandate and Plaintiffs' exemption requests, have been enjoined by federal courts. Accordingly, Plaintiffs respectfully request that the Court reconsider its Order on an expedited basis and grant Plaintiffs' motion for a preliminary injunction to preserve Plaintiffs' employment while the Equal Employment Opportunity Commission and the Alabama Department of Labor can attempt to resolve Plaintiffs' claims under Title VII, the ADA, and Alabama Act 2021-561.

December 15, 2021                    Respectfully submitted,

/s/ Matthew J. Clark
Matthew J. Clark
Alabama Bar No. 3788-Q61x
matt@alabamalawandliberty.org
ALABAMA CENTER FOR LAW & LIBERTY
2213 Morris Avenue
Birmingham, AL 35203
Telephone: (256) 510-1828

/s/ John C. Eastman

5

John C. Eastman*
Cal. Bar No. 193726
jeastman@ccg1776.com
CONSTITUTIONAL COUNSEL GROUP
174 W. Lincoln Ave, #620
Anaheim, CA 92805
Telephone: (909) 257-3869
Facsimile: (714) 844-4817

* Admitted *Pro Hac Vice*

*Counsel for Plaintiffs and theProposed Class*

**CERTIFICATE OF SERVICE**

      A true and correct copy of the foregoing has been served via the Court's electronic filing system upon all counsel of record.

                                                              /s/ Matthew J. Clark
                                                              Matthew J. Clark

                                                               Counsel for Plaintiffs