FILED

2021 Dec-17  PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **HUNTER CREGER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | Civil Action Number |
| **v.** | ) | **5:21-cv-01508-AKK** |
| | ) | |
| **UNITED LAUNCH ALLIANCE** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendant.** | | |

## <u>ORDER</u>

Before the court is the plaintiffs' motion for reconsideration, doc. 14, which they ask the court to consider on an expedited basis due to the imminent termination of named plaintiffs currently on unpaid administrative leave, *id*. at 1.[1]  In their motion, the plaintiffs point to three alleged bases for reconsideration: (1) the Alabama Department of Labor's administrative determination that at least two of the plaintiffs qualify for a COVID-19 vaccination exemption under Alabama Act 2021-561; (2) recent injunctions of the federal government's vaccine mandates for private employers and government contractors; and (3) the Fifth Circuit's finding that forcing an employee to choose between vaccination or termination constitutes

---

[1] Defense counsel requested at least seven days to respond to the plaintiffs' motion, but the plaintiffs reaffirmed their desire for an expedited ruling by email.  In light of the plaintiffs' request, the court will rule without the benefit of a response from United Launch.

irreparable harm. *Id*. at 3-5. Based on these developments, the plaintiffs argue, they now meet all four requirements for a preliminary injunction and are thus entitled to immediate injunctive relief. *Id*. The plaintiffs' motion is due to be denied.

As discussed at length in denying preliminary injunctive relief, Alabama Act 2021-561 explicitly proscribes a private cause of action against employers who terminate an employee due to their vaccination status. *See* doc. 13 at 16-18. This private-cause-of-action bar is unequivocal, and the Act does not provide for judicial enforcement of an administrative law judge's decision to overrule an employer's denial of an employee's vaccination exemption request. *See* 2021 Alabama Senate Bill No. 9, Alabama 2021 Second Special Session. Therefore, even though an ALJ has ruled that Benjamin Eastman and Hunter Creger qualified for religious exemptions from United Launch's vaccine requirement, *see* doc. 14-2, the plaintiffs have still failed to demonstrate that their state-law claim is cognizable in federal court, and thus have not shown a substantial likelihood of success.

Moreover, because the plaintiffs' Alabama state law claim is not, as they suggest, "nearly identical" to their claims under Title VII and the ADA, *see* doc. 14 at 4 n.1, the ALJ's determination does not automatically render the plaintiffs likely to succeed on the merits of their federal claims. Alabama Act 2021-561 provides that "[a]n employer shall exempt vaccination as a condition of employment for any employee who has completed and submitted the exemption form," and that "[t]he

submission of the completed form creates a presumption that the employee is entitled

to the exemption." 2021 Alabama Senate Bill No. 9, §§ 1(c), 1(f), Alabama 2021

Second Special Session.  Title VII and the ADA, conversely, do not call for an

automatic presumption in favor of accommodation, instead requiring an employee

to first show the reasonableness of their requested accommodation, and then shifting

the burden to the employer to show that the requested accommodation would present

an undue hardship.  *See* doc. 13 at 9-15.  Given these stark differences in the statutes

at issue, the ALJ's determination that some plaintiffs were entitled to an

accommodation under Alabama Act 2021-561 does not mean that those same

plaintiffs are likely to succeed on the merits of their Title VII and ADA claims.

The plaintiffs also argue that they are likely to succeed on the merits because

two recent injunctions of the federal government's vaccine mandates purportedly

preclude United Launch from making its undue hardship defense.  *See* doc. 14 at 3-

4.  This contention is unavailing.  Compliance with the now-enjoined vaccine

mandate for federal contractors was only one of the reasons United Launch cited in

support of its undue hardship defense, *see* doc. 13 at 4-5, and the plaintiffs have not

met their burden to show that they can overcome United Launch's other bases for

this defense, *id*. at 9-15.  These injunctions, therefore, do not render the plaintiffs

likely to succeed on the merits, nor do they help the plaintiffs make the requisite

showing as to the other three requirements for preliminary injunctive relief. *See id.* at 19-23.[2]

Thus, for the reasons outlined previously, *see* doc. 13, the plaintiffs have failed to show that they are likely to succeed on the merits, that they face irreparable harm or, that the balance of equities and the public interest weigh in favor of a preliminary injunction. Accordingly, the plaintiffs' motion for reconsideration, doc. 14, is **DENIED**.

**DONE** the 17th day of December, 2021.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[2] In an attempt to convince the court to revisit its previous analysis as to these requirements, the plaintiffs cite a recent Fifth Circuit decision finding that giving employees the choice between vaccination or termination constitutes irreparable injury. Doc. 14 at 4-5 (citing *BST Holdings, L.L.C. v. Occupational Safety & Health Admin., United States Dep't of Lab.*, 17 F.4th 604, 618 (5th Cir. 2021)). This decision is not binding on the court, and its reasoning is unpersuasive. In fact, the Fifth Circuit itself has since affirmed the denial of an injunction in a case almost exactly mirroring the instant dispute, agreeing with the district court's finding that employees would not suffer irreparable harm absent an injunction of their employer's vaccine mandate. *See Sambrano v. United Airlines, Inc.*, No. 21-11159, 2021 WL 5881819, at *1 (5th Cir. Dec. 13, 2021) (citing *Dr. A. v. Hochul*, No. 21A145, 595 U.S. ——, 2021 WL 5873126 (Dec. 13, 2021)).